# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

OLADUNNI SOREMEKUN, individually
and on behalf of all others similarly situated,
   Plaintiff

v.

PRINCIPE & STRASNICK, P.C.,
   Defendant

No. 19-cv-12389-DPW

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

Defendant Principe & Strasnick, P.C. ("the Defendant") respectfully submits this memorandum of law in support of its motion to dismiss the Amended Class Action Complaint (Doc. 11) of Plaintiff Oladunni Soremekun ("Plaintiff") pursuant to Fed. R.Civ. P. 12(b)(6).

### I. PLAINTIFF'S CLAIM

Plaintiff brings the instant action pursuant to the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a *et seq*. She asserts two counts, for violations of 15 U.S.C. §§ 1692g and 1692e, and purports to represent a putative class of similarly situated individuals. The crux of Plaintiff's claim is that the Defendant omitted the words "by the debt collector" from one sentence in the validation notice it sent to Plaintiff in compliance with 15 U.S.C. § 1692g. Plaintiff alleges this omission resulted in a violation of §§ 1692e and 1692g of the FDCPA.

### II. PROCEDURAL HISTORY AND PLAINTIFF'S CLAIMS

Plaintiff initially filed her Class Action Complaint on November 21, 2019. (Doc. 3). The Defendant moved to dismiss, asserting that the allegations in the Complaint were insufficient because the Plaintiff did not plausibly allege Defendant is a debt collector as defined under the

1

FDCPA. Docs. 9-10. The Defendant also argued that the challenged validation notice was compliant with the FDCPA.

Plaintiff responded by filing the Amended Class Action Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). Doc. 11. In it, as in her original Complaint, Plaintiff alleges the Defendant sent her a collection letter on or about March 18, 2019 ("the Letter") that was the first communication from the Defendant with respect to an alleged consumer debt claimed to be owed by Plaintiff to The Veridian. *See id.* at ¶¶ 13, 19-20. A copy of the Letter is attached to the Amended Complaint *See* Doc. 11-1. The letter stated, in part, "[u]nless you, within thirty days after receipt of this notice, notify us that you dispute any portion of this debt, the debt will be assumed to be valid."

In her Amended Complaint, Plaintiff adds a few allegations. First, she has added more particularized allegations regarding the Defendant's status as a debt collector. *Id.* at ¶ 9. Second, she has added an allegation that the challenged letter threatened the Plaintiff with legal action if she did not pay her debt, and that after reading the letter she was left unsure as to who would assume the debt was valid – "the Defendant or the court where this threatened lawsuit was going to be filed." *Id.* at ¶¶ 22-24. Plaintiff also added a jury demand, which was not included in the original Complaint.

The substantive portions of the Letter, which is attached to the Amended Complaint, are set forth below:

> Dear Ms. Soremekun:
>
> A claim against you in the amount stated above has been placed in our hands for collection and demand is hereby made for payment of this balance. If you desire to avoid the cost of legal action, satisfactory arrangements for the above referenced debt must be made promptly. Our demand for prompt payment does not eliminate your right to dispute this debt within thirty days of receipt of this notice. If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you. Your rights are described below. If you are unable to pay this balance in full at this time, we may be able to set up a payment schedule within your budget. We may also be able to offer you a lump sum

> settlement for less than the total amount due. Please contact me to discuss your options.
>
> If satisfactory arrangements for repayment are not made with this office, we may pursue legal action without further notice or demand. For your convenience, payment may be made by check, made payable to this office, or by credit card payment on MasterCard or Visa. If you choose to pay by credit card, please call our office so that the payment may be processed over the telephone.
>
> **NOTICE OF IMPORTANT RIGHTS**
>
> **YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL. REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE A WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THIS OFFICE.**
>
> Unless you, within thirty days after receipt of this notice, notify us that you dispute any portion of this debt, the debt will be assumed to be valid. If you notify us in writing within thirty days that the debt — or any portion thereof is disputed, we will obtain verification of the debt or copy of any outstanding judgment and mail you copies of such verification or judgment. Upon written request within thirty days, we will provide you with the name and address of the original creditor.

*See* Doc. 11-1 (emphasis in original). The letter was signed by Robert M. Strasnick, and after the closing, directed the recipient to address communications and payments to Principe & Strasnick, P.C.

As is apparent from the letter itself, it is written in the first person voice ("us," "we," "me"), on the letterhead of Principe & Strasknick, P.C. and signed by Robert M. Strasnick. *Id.* The letter makes no reference whatsoever to a credit reporting agency, a court or judge, or anyone other than the original creditor, the Plaintiff, and the Defendant law firm. The letter invites Plaintiff to contact the author directly ("please contact me") to either make payment, discuss payment terms, or dispute the debt, and warns that failure to do so may result in the Defendant pursuing legal action and increased cost.

Nonetheless, Plaintiff claims that because the letter stated, "[u]nless you, within thirty days after receipt of this notice, notify us that you dispute any portion of this debt, the debt will be

3

assumed to be valid," it was misleading because it did not specify that the debt would be assumed valid by the debt collector. Specifically, she claims that this language "would lead the least sophisticated consumer to believe that parties other than the debt collector (i.e. credit reporting agencies, a court of law, etc.) would assume the alleged debt to be valid if it were not disputed by the consumer." Doc. 11 at ¶ 27. These allegations form the sole basis for Plaintiff's Class Action Complaint.

Plaintiff does not claim she was injured or damaged in any way by the Letter. She does not claim that she (or the hypothetical unsophisticated consumer for that matter) was or would be deterred from disputing the debt asserting her rights, or that she or another hypothetical consumer altered her conduct on the basis of this statement.

A straightforward application of the "hypothetical unsophisticated consumer" standard here leads to the inescapable conclusion that the Letter, when read as a whole, as it must be, is neither misleading nor deceptive. Plaintiff's counsel's interpretation of the letter is idiosyncratic and is an obvious effort to create the appearance of a problem where none in fact exists.

### III. STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court takes Plaintiff's factual allegations as true and makes all reasonable inferences in her favor. *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). However, the Court must grant a motion to dismiss for failure to state a claim on which relief can be granted where the factual allegations are insufficient to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (U.S. 2007). In reviewing the sufficiency of a complaint, courts should not accept as true legal conclusions couched as factual allegations. *Id.* at 555; *see also Shaw v. Digital Equip. Corp.*, 82 F.3d 1194,

4

1216 (1st Cir. 1996). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Likewise, "[c]onclusions that are not supported by the facts that are alleged in the complaint 'deserve no deference.'" *Massachusetts Laborers' Health & Welfare Fund, by and Through its Trustees v. Philip Morris, Inc.*, 62 F. Supp. 2d 236, 240-241 (D. Mass. 1999) (citations omitted). "[S]ummary legal conclusions that are contradicted or 'belied by the facts alleged' may be disregarded." *Id.* (quoting *In re Lane*, 937 F.2d 694, 698 n.7 (1st Cir. 1991)).

The question of whether a collection letter violates the provisions of the FDCPA is a question of law to be determined by the Court. *Schaefer v. ARM Receivable Mgmt.*, Civil Action No. 09-11666-DJC, 2011 U.S. Dist. LEXIS 77828, at *5 (D. Mass. July 19, 2011); *see, e.g. Latour v. Lustig, Glaser & Wilson, PC.*, No. 16-40072-TSH, 2017 U.S. Dist. LEXIS 46647, at *7 (D. Mass. Mar. 29, 2017) (holding that letter employing "relatively direct language" regarding the status of debt collection efforts was not misleading and did not violate FDCPA as a matter of law). The First Circuit has held that, "for FDCPA purposes, a collection letter is to be viewed from the perspective of the hypothetical unsophisticated consumer." *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014). The standard protects "all consumers, including the inexperienced, the untrained and the credulous." *Id.* (citations omitted). That notwithstanding, it is an objective standard, which requires some assessment of reasonableness. *Id.* at 104. A debt collector will not be held liable based on an individual consumer's "chimerical or farfetched reading of a collection letter." Or, as another court has expressed it, "[a] rule against trickery differs from a command to use plain English and write at a sixth-grade level." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007). The standard applicable is whether an

"unsophisticated consumer would be left unsure of her right to dispute the debt and request information concerning the original creditor." *Pollard*, 766 F.3d at 104.

### III. ARGUMENT

**A. The Letter Complies With 15 U.S.C. § 1692g.**

When read in its entirety, it is clear the Letter did not violate the FDCPA. The FDCPA requires that certain disclosures be made to a consumer in an in initial communication in connection of a debt, or within five days thereof. 15 U.S.C. § 1692g. Section 1692g(a) provides:

> **(a) Notice of debt; contents.** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> **(1)** the amount of the debt;
> **(2)** the name of the creditor to whom the debt is owed;
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Here, Plaintiff does not allege that the validation notice was untimely or that it failed to provide any of the information required by Section 1692g. Instead, Plaintiff argues that because the Letter does not include the exact statutory language that "the debt will be assumed to be valid by the debt collector," it is deceptive and therefore noncompliant with the FDCPA. This is an overly technical reading of both the statute and the Letter.

It is well settled that a debt collection letter must be read as a whole. The statement that the "debt will be assumed to be valid," is not deceptive because it alerts the consumer to the fact that if

she does not dispute the debt within thirty days, the debt collection efforts will continue on the assumption that the debt is valid. The letter also clearly states that should the debtor dispute the debt, the debt collector will take certain steps, including ceasing collection efforts, obtaining verification of the debt and mailing it to the consumer. "Under the generally approved standard, a 'least sophisticated consumer' is not obliged to closely parse the words of a communication in order to divine its meaning. The reciprocal is also true: a 'least sophisticated consumer' would not be expected to do so. The substance of the communication, read as a whole, matters more than its linguistic construction." *Waters v. Kream*, 770 F. Supp. 2d 434, 437 (D. Mass. 2011) (citing *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002); *see also Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 776-77 (7th Cir. 2007). Reading the Letter as a whole, Plaintiff's purported confusion is farfetched where the letter makes no mention of any other entity that might assume the debt to be valid, or under what circumstances such an assumption would be made.

Even if it were plausible that the Letter would theoretically cause a consumer to be concerned that parties other than the debt collector might assume the debt to be valid, such a belief would provide greater motivation to the consumer to act on her rights to dispute the debt. The United States Court of Appeals for the Second Circuit applied this reasoning in a similar case where a validation notice advised the recipient that unless disputed, the debt "will be assumed to be valid by the creditor and by this Firm," *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365-66 (2d Cir. 2005). The court there reasoned that "[w]hen read by the least sophisticated debtor, nothing in the letter's current wording would discourage a debtor from contesting the debt within the thirty day window. (To the contrary the effect of the 'creditor' addition, if any, could only be additional encouragement to contest the debt.)" *Id.* at 366.

In any event, here Plaintiff has not plausibly alleged she was confused or misled, or caused to act any differently than if the validation notice contained the phrase, "by the debt collector." She does not claim that she failed to dispute the debt based on this language or that she made any payment as a consequence.[1] This in turn indicates that the hypothetical unsophisticated consumer would similarly be unaffected.

A similar claim failed in the Third Circuit. In *Morse v. Kaplan*, 468 F. App'x 171, 172 (3d Cir. 2012), the plaintiff asserted that because a validation notice did not explicitly state that the debt, if not disputed, would be assumed valid "by the debt collector," it was misleading. The court rejected the claim, reasoning, "[Plaintiff] also argues that it is unclear who would assume the debt is valid after 30 days. Because [Defendant] signed the letter and used the first person 'I shall' throughout, this argument has no merit." *Id.* The instant case is on all fours, as the letter here is also written in the first person, using "we," "us," and "me" throughout.[2] Similarly, both letters used the passive voice in the phrase "will be assumed valid."

A debt collector is not required to quote the statute verbatim, but the validation notice must effectively convey the consumer's rights. *Hopson v. FMS Fin. Sols., LLC*, Civil Action No. 17-4341, 2018 U.S. Dist. LEXIS 76541, at *10 (D.N.J. May 7, 2018) (citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 808 (2d Cir. 1989) ("there simply is no requirement that the letter quote verbatim the language of Section 1692g.")) *See also Wilson v. Mattleman, Weinroth & Miller*, 2013 U.S. Dist. LEXIS 82445, 2013 WL 2649507, at *3-4 (D.N.J. June 12, 2013) (debt collector must "convey the gist of the provision in a nondeceptive statement.") "The

---

[1] Indeed, Plaintiff did dispute this debt, in writing, before bringing this action, and has not made any payment towards the alleged debt.
[2] Defendant acknowledges the existence of recent authority from the Eastern District of Pennsylvania that reached a different conclusion. *See, e.g.*, *Muir v. AM Sols., LLC*, No. 18-729, 2019 U.S. Dist. LEXIS 129089, at *24-26 (E.D. Pa. Aug. 1, 2019). However, the Defendant submits that the letter and surrounding circumstances in that case render it distinguishable.

question is whether the communication, fairly understood as a whole as it might be by even a 'least sophisticated consumer,' was an 'unfair or unconscionable means to collect or attempt to collect any debt,' or a 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Waters*, 770 F. Supp. 2d at 437-38 (D. Mass. 2011) (internal citations omitted) (holding that letter stating "[t]he Sheriff informs us that he has served you with a Summons to appear in Court. We suggest that you make arrangements with this office for settlement so that additional costs of court may be avoided by you," interpreted reasonably, was not deceptive or misleading).

While a notice may violate Section 1692g if it fails to convey the required information "clearly and effectively," such is not the case here. In reviewing the adequacy of validation notices, courts have "craft[ed] a norm that protects the naive and the credulous" while "carefully preserv[ing] the concept of reasonableness." *McStay v. I.C. Sys.*, 308 F.3d 188, 190-91 (2d Cir. 2002) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). The letter at issue here, read as a whole, provides a clear and effective explanation of the recipient's rights, viewed from the perspective of a reasonable, hypothetical unsophisticated consumer.

## C. Where Plaintiff's Claim Under 15 U.S.C. § 1692g Fails To State A Claim, Her § 1692e Claim Necessarily Fails.

Plaintiff asserts two counts in her complaint: violation of 15 U.S.C. § 1692g, which sets forth the technical requirements for a validation notice; and 15 U.S.C. § 1692e, which lists various prohibited conduct. In support of the latter claim, Plaintiff sets forth no additional facts specific to that claim, but asserts that the Defendant violated §§ 1692e(2), 1692e(5) and 1692e(10). These subsection provide that the following conduct violates the FDCPA:

(2) The false representation of—

    (A) the character, amount, or legal status of any debt; or

9

>    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> \*\*\*
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> \*\*\*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

Plaintiff's Amended Complaint fails to articulate how the Letter violated any of these provisions. For that reason alone, Count I must be dismissed.

Furthermore, to the extent Plaintiff Plaintiff's § 1692e claim relies on the same facts as her § 1682g claim, it necessarily fails. *See, e.g. Kassin v. AR Res., Inc.*, No. 16-4171 (FLW), 2018 U.S. Dist. LEXIS 209998, at \*28 (D.N.J. Dec. 13, 2018) (citing *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013)) ("When allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." ) *See also Mills v. Turner*, No. 15-13267-MLW, 2017 U.S. Dist. LEXIS 137956 (D. Mass. July 10, 2017) (holding that where a plaintiff alleges a violation of a specific provision of the FDCPA, the allegations do not state a claim under a more general provision). Accordingly, both counts of the Complaint should be dismissed.

**D.  Where Plaintiff Fails To State An Individual Claim, The Putative Class Claims Necessarily Fail.**

Where Plaintiff's individual claims against the Defendant are dismissed, the claims of the putative class must also be dismissed. "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief

on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *see also Brown v. Am. Honda (In re New Motor Vehicles Canadian Exp. Antitrust Litig.)*, 522 F.3d 6, 14 (1st Cir. 2008) ("If a named plaintiff fails to establish such a continuing controversy, she normally may not invoke the power of the federal courts to seek relief on her own behalf or that of other members of a putative class") (citing *Golden v. Zwickler*, 394 U.S. 103, 108 (1969); *O'Shea*, 414 U.S. at 494); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 613 F. Supp. 2d 108, 136 (D.Me. 2009) (dismissing putative class claims where named plaintiffs' claims were dismissed); *Randolph v. ING Life Ins. & Annuity Co.*, 973 A.2d 702, 708 (D.C. 2009) ("before one may sue for damages on behalf of others—whether the 'others' are members of an organization or a class of consumers—he must show injury to himself.")

### IV. CONCLUSION

Wherefore, the Defendant, Principe & Strasnick, P.C. respectfully requests that the Court dismiss the Class Action Complaint with prejudice, award it costs and attorneys' fees, and grant such other and further relief as is just and equitable.

Dated: March 23, 2020

Respectfully submitted,
Defendant,
Principe & Strasnick, P.C.
By its attorneys,

/s/ Kara Thorvaldsen
Kara Thorvaldsen, BBO # 660723
Kara.Thorvaldsen@WilsonElser.com
Wilson Elser LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
617-422-5300

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) And paper copies will be sent to those indicated as non-registered participants on this date.

                                            /s/ Kara Thorvaldsen