**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **OLADUNNI SOREMEKUN, on behalf of herself and all others similarly situated,** | **Civil Case No.:** **1:19-cv-12389-DPW** |
| **Plaintiff,** | |
| **-against-** | **ORAL ARGUMENT REQUESTED** |
| **PRINCIPE & STRASKNICK, P.C.,** | |
| **Defendant.** | |

---

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(6)

---

**MARCUS ZELMAN, LLC**

**Yitzchak Zelman, Esq.**
**701 Cookman Avenue, Suite 300**
**Asbury Park, New Jersey 07712**
**Phone:** **(732) 695-3282**
**Fax:** **(732) 298-6256**
*Attorney for the Plaintiff*
*Oladunni Soremekun*

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT……………………………..……...………1

II.    STANDARD OF REVIEW TO BE APPLIED TO DEFENDANT'S
MOTION TO DISMISS THE COMPLANT……………………………..………1

III.   PLAINTIFF'S AMENDED COMPLAINT ALLEGES AND ESTABLISHES A
*PRIMA FACIE* VIOLATION OF THE FDCPA…..……………..…………..…2

     A.   Standard Applied When Analyzing Collection Letters For Compliance
With The FDCPA.................................................................................................2

     B.   Defendant Failed To Provide The Disclaimer Required By Section 1692g……3

     C.   The Confusion Caused By The Defendant's Failure To Comply With Section
1692g(a)(3) Is Not Dispelled By Other Language In The Collection Letter….10

IV.   CONCLUSION…………………………………………………………………19

# TABLE OF AUTHORITIES

*Allah-Mensah v. Law Office of Patrick M. Connelly, P.C.*,

2016 WL 6803775 (D. Md. Nov. 17, 2016)……………………………………………6

*Ashcroft v. Iqbal*,

129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)..........................................................................2

*Aware, Inc. v. Centillium Commc'ns, Inc.*,

604 F. Supp. 2d 306 (D. Mass. 2009)……………………………………………………2

*Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).....................................................2

*Carter v. First Nat. Collection Bureau, Inc.*,

135 F. Supp. 3d 565 (S.D. Tex. 2015)……………………………………………16

*DeCapri v. Law Offices of Shaprio Brown & Alt, LLP*,

2014 WL 4699591 (E.D. Va. Sept. 19, 2014)………………………………...………8

*Delgado v. Capital Mgmt. Servs. LP*,

2013 WL 1194708 (C.D.Ill. Mar. 22, 2013)……………………………………...17

*Duffy v. Landberg*,

215 F.3d 871 (8th Cir.2000)..........................................................................................3, 13

*Evory v. RJM Acquisitions Funding L.L.C.*,

505 F.3d 769 (7th Cir.2007)...........................................................................................3

*Fariasantos v. Rosenberg & Assocs., LLC*,

2 F. Supp. 3d 813 (E.D. Va. 2014)……………………………………………11, 12

*Galuska v. Collectors Training Inst. of Illinois, Inc.*,

2008 WL 2050809 (M.D. Pa. May 13, 2008)……………………………………15

*Glowacki v. Law Offices of Howard Lee Schiff, P.C.*,

2014 WL 2547919 (D. Mass. June 5, 2014)……………………………………2

*Gonzales v. Arrow Fin. Servs., LLC*,

660 F.3d 1055 (9th Cir. 2011)...........................................................................................2

*Guerrero v. Absolute Collection Serv., Inc.*,

2011 WL 8183860 (N.D. Ga. Oct. 6, 2011)……………………………………18

*Harlan v. NRA Grp., LLC*,

2011 WL 500024 (E.D. Pa. Feb. 9, 2011)……………………………………12, 14

*Hart v. FCI Lender Serv., Inc.,*

    797 F.3d 219 (2d Cir. 2015).............................................................................9

*Hess v. Merchants & Med. Credit Corp., Inc.*,

    2019 WL 3451572 (D.N.J. July 31, 2019)………………………………..10

*Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.*,

    950 F. Supp. 2d 1271 (S.D. Fla. 2013)……………………………………5, 6

*Jacobson v. Healthcare Fin. Servs., Inc.*,

    516 F.3d 85 (2d Cir. 2008)...............................................................................3

*Knight v. Credit Prot. Ass'n, L.P.*,

    2017 WL 1232507 (E.D.N.Y. Mar. 31, 2017)……………………………….5

*Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.,*

    2011 WL 4499100 (S.D. Fla. Sept. 27, 2011)………………..…………………8

*Lannan v. Levy & White,*

    186 F. Supp. 3d 77 (D. Mass. 2016)…………………………………………2

*Lucero v. Debt Recovery Attorneys*,

    2019 WL 1596577 (D.N.M. Apr. 15, 2019)…………………………………8

*Martin v. Butler & Hosch, P.A.,*

    2014 WL 3593622 (M.D. Fla. July 18, 2014)………………………………18

*Mello v. Walled Lake Credit Bureau, LLC,*

    2013 WL 12077491 (S.D. Fla. Oct. 17, 2013)………………………………18

*Miller v. Payco–General Am. Credits, Inc.,*

    943 F.2d 482 (4th Cir.1991)………………………………………….………3

*Morse v. Kaplan*,

    468 F. App'x 171 (3d Cir. 2012)……………………………………………17

*Muir v. AM Sols., LLC,*

    2019 WL 3530521 (E.D. Pa. Aug. 1, 2019)………………………………7, 8

*Narvaez v. Specialized Loan Servicing, LLC,*

    2015 WL 1810734 (M.D. Fla. Apr. 20, 2015)………………………………...5

*Nelson v. Select Fin. Servs., Inc.,*

    430 F. Supp. 2d 455 (E.D. Pa. 2006)…………………………….………18

*Nollet v. Justices of the Trial Court of Mass.,*

    83 F.Supp.2d 204 (D.Mass.2000)……………………………………………………2

*Orr v. Westport Recovery Corp.*,

    941 F. Supp. 2d 1377 (N.D. Ga. 2013)……………………………………………6

*Panzer v. Alternative Claims Mgmt., LLC,*

    2016 WL 3771251 (S.D.N.Y. July 8, 2016)………………………………………9

*Pettway v. Harmon Law Offices, P.C.,*

    2005 WL 2365331 (D. Mass. Sept. 27, 2005)…………………………………...2

*Philip v. Sardo & Batista, P.C.*,

    2011 WL 5513201 (D.N.J. Nov. 10, 2011)………………………………………16

*Pierce v. Carrington Recovery Servs., LLC,*

    2009 WL 2525465 (W.D. Pa. Aug. 17, 2009)……………………………………18

*Pollard v. Law Office of Mandy L. Spaulding*,

    766 F.3d 98 (1st Cir. 2014)…………………………………………………2, 16

*Ruiz v. Bally Total Fitness Holding Corp.,*

    496 F.3d 1 (1st Cir.2007)……………………………………………………..1

*Sevela v. Kozeny & McCubbin, L.C.,*

    2018 WL 10228300 (D. Neb. Nov. 29, 2018)……………………………………18

*Smith v. Hecker,*

    2005 WL 894812 (E.D. Pa. Apr. 18, 2005)………………………………10, 13, 14

*Walker v. Greenspoon Marder, P.A.*,

    2014 WL 7174220 (S.D. Fla. Dec. 17, 2014)……………………………………8

*Wilson v. Quadramed Corp.,*

    225 F.3d 350 (3d Cir. 2000)……………………………………………………..3


<u>Statutes and Other Sources</u>

15 U.S.C. § 1692g(a)…………………………………………………………...4

15 U.S.C. § 1692g(c)……………………………………………………………6

# I. PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to the Defendant's Motion to Dismiss the Plaintiff's Complaint. Plaintiff commenced this action alleging that the Defendant violated the Fair Debt Collection Practices Act, by misleading the debtor as to the consequences of failing to dispute her debt. As alleged in the Complaint, the Defendant mailed the Plaintiff an initial Collection Letter dated March 18, 2019. *See,* Exhibit A. That Collection Letter advised the Plaintiff that "Unless you, within thirty days after receipt of this notice, notify us that you dispute any portion of this debt, the debt will be assumed to be valid." *See id.* The problem with this statement is simple: the FDCPA requires the debt collector to advise the consumer that - if the debt is not disputed – *only the debt collector* will assume that the debt is valid.

The plain language of the FDCPA expressly requires debt collectors to notify consumers that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*." 15 U.S. Code § 1692g(a)(3). This is an exceedingly easy rule to comply with, but one that the Defendant – a debt collection law firm – plainly ignored. Dozens of courts have already considered this issue, and the overwhelming majority have agreed that FDCPA is violated by the failure to tell debtors that it is only the debt collector who can assume the validity of the debt.

For the reasons set forth below, it is respectfully submitted that the Defendant's Motion to Dismiss should be denied in its entirety.

# II. STANDARD OF REVIEW TO BE APPLIED TO DEFENDANT'S MOTION TO DISMISS THE COMPLANT.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.,* 496 F.3d 1, 5 (1st Cir.2007). To survive

a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 167 L.Ed.2d 929 (2007). That is, "factual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Aware, Inc. v. Centillium Commc'ns, Inc.*, 604 F. Supp. 2d 306, 310 (D. Mass. 2009); *Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000).

### III.   PLAINTIFF'S COMPLAINT ALLEGES AND ESTABLISHES A *PRIMA FACIE* VIOLATION OF THE FDCPA.

#### A.  Standard Applied When Analyzing Collection Letters For Compliance With The FDCPA.

Because the FDCPA is a remedial statute with a strict liability framework, its language is construed broadly and liberally so as to effect its purpose.  *Lannan v. Levy & White,* 186 F. Supp. 3d 77, 91 (D. Mass. 2016); *Pettway v. Harmon Law Offices, P.C.,* 2005 WL 2365331, at *3 (D. Mass. Sept. 27, 2005); *Glowacki v. Law Offices of Howard Lee Schiff, P.C.,* 2014 WL 2547919, at *2 (D. Mass. June 5, 2014).  Accordingly, in the First Circuit, communications from lenders to debtors are analyzed from the perspective of the "least sophisticated debtor."  *Pollard v. Law Office of Mandy L. Spaulding,* 766 F.3d 98, 103 (1st Cir. 2014).

The purpose of the 'least sophisticated debtor' standard is to protect "all consumers, including the inexperienced, the untrained and the credulous." *Pollard,* 766 F.3d at 103.   This standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).

The standard is "designed to protect consumers of below average sophistication or intelligence," or those who are "uninformed or naive," particularly when those individuals are targeted by debt collectors. *Duffy v. Landberg*, 215 F.3d 871, 874–75 (8th Cir.2000); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir.2007) (cautioning that "if the debt collector has targeted a particularly vulnerable group," "the benchmark for deciding whether the communication is deceptive would be the competence of the substantial bottom fraction of that group").

## B.  Defendant Failed To Provide The Disclaimer Required By Section 1692g.

Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e).  In the same vein, Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA.  *See, Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000), <u>citing</u> *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

In enacting the various remedial provisions of the FDCPA, Congress identified what each provision was meant to achieve.  "As a response to 'the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid,' the FDCPA gives the consumer the right to dispute a debt claimed by a debt collector, and to seek verification of the validity of the debt." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89

(2d Cir. 2008). To help facilitate this right, Section 1692g(a) states that in the initial communication with a debtor, or within five days of the initial communication, "a debt collector *shall* ... send the consumer a written notice" which contains the following information:

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid ***by the debt collector***;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*See,* 15 U.S.C. § 1692g(a) (emphasis added).

In this case, the Defendant's Collection Letter plainly failed to comply with 15 U.S.C. § 1692g(a)(3). The statute clearly requires the Defendant to disclose that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid ***by the debt collector***." Rather than providing this information, the Defendant inexplicably omitted the words "by the debt collector." *See,* Exhibit A.

This is not a meaningless omission. As the statute makes clear (and as the Defendant's Validation Notice *should have* made clear), the assumption that the debt will be valid is quite limited. "The statutorily required validation notice is intended to convey to the consumer that failure to dispute the debt permits the debt collector to proceed for collection purposes on the 'temporary fiction' that the debt is valid, that failure to dispute a debt has no legal effect on a debtor's rights, and that in any subsequent collection action, the burden would remain on the debt collector to prove the validity of the debt." *Narvaez v. Specialized Loan Servicing, LLC,* 2015 WL

1810734, at *3 (M.D. Fla. Apr. 20, 2015); *Knight v. Credit Prot. Ass'n, L.P.*, 2017 WL 1232507, at *4 (E.D.N.Y. Mar. 31, 2017)("the expiration of the thirty-day period does nothing to make the debt valid, but merely permits the debt collector to assume the debt is valid….this section of the FDCPA merely allows the debt collector to proceed under a 'temporary fiction' that the debt stated in the validation notice is true"). Without the limiting phrase 'by the debt collector,' "it is possible that the consumer would not know that the debt collector is the only entity entitled to assume the validity of the debt, or that collection is based on a temporary fiction that the debt is valid. Indeed, the consumer could believe that, if he does not respond, the creditor, as opposed to the debt collector, would presume the debt to be valid." *Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.*, 950 F. Supp. 2d 1271, 1273–74 (S.D. Fla. 2013).

Because the Defendant omitted the limiting phrase 'by the debt collector', the recipient of this collection letter quite literally has no way of knowing *who* will assume her debt to be valid, and what that assumption could mean. For example, the Defendant's March 18, 2019 Letter repeatedly referenced threatened imminent legal action. *See,* Exhibit A. To wit, the Letter is on the Defendant's law firm letterhead, with the words 'ATTORNEYS AT LAW' prominently displayed in the center-top of the page. *See id.* The Letter then threatens in the first paragraph that "If you desire to avoid the cost of legal action, satisfactory arrangements for the above referenced debt must be made promptly." *See id.* In the second paragraph, the Letter again threatens that "If satisfactory arrangements for repayment are not made with this office, we may pursue legal action without further notice or demand." *See id.*

The Letter thus repeatedly threatens the consumer with a lawsuit, but does not limit the warning that the debt would be assumed to be valid. An unsophisticated debtor could easily conclude that if she did not dispute her debt, the debt would be assumed to be valid by the court in

which she was going to be sued, or by the creditor who was going to be suing her. As numerous courts have found, such an unsophisticated consumer could similarly believe that this assumption of validity would forfeit her right to later challenge the debt with her creditor, or in the courts. Finally, such an unlimited statement gives the impression that the assumed validity of the debt could be used against the debtor in the threatened upcoming collection action – an impression expressly prohibited by the FDCPA. *See*, 15 U.S.C. § 1692g(c) ("The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer").

Section 1692g(a)(3)'s requirement - that the debt collector specifically clarify that the debt will only be assumed to be valid *by the debt collector* – serves a very specific purpose. As explained by the court in *Orr v. Westport Recovery Corp.*, 941 F. Supp. 2d 1377 (N.D. Ga. 2013):

> By including the term 'by the debt collector,' § 1692g(a)(3) expressly intended the notice to convey the specific validation limitation to the consumer. In other words, the statute intended the consumer to receive the message that the debt would be assumed valid <u>by only the debt collector and only for collection purposes</u>. The statutorily required validation notice is intended to convey to the consumer that failure to dispute the debt permits the debt collector to proceed for collection purposes on the 'temporary fiction' that the debt is valid , that failure to dispute a debt has no legal effect on a debtor's rights and that in any subsequent collection action, the burden would remain on the debt collector to prove the validity of the debt."

*Orr v. Westport Recovery Corp.*, 941 F. Supp. 2d at 1381–82. *See also, Allah-Mensah v. Law Office of Patrick M. Connelly, P.C.,* 2016 WL 6803775, at *7 (D. Md. Nov. 17, 2016)("To guard against predatory debt collecting practices, the FDCPA confers to Plaintiff the right to know that missing the thirty-day window for challenging the debt does not render the debt once and for all 'valid.' The Law Office's letter denied him that information and instead stated that once thirty days have passed, the debt is assumed 'valid' "); *Iyamu*, <u>supra</u>, 950 F. Supp. 2d at 1273 ("the phrase 'debt collector' serves an important and meaningful purpose in a debt collection notice by

conveying the specific entity that is entitled to assume a debtor's debt is valid for purposes of collection").

That the omission of the phrase 'by the debt collector' could confuse an unsophisticated debtor is not a novel argument. "Courts have held that the failure to identify the entity that will be 'assuming the debt as valid' is likely to suggest to the least sophisticated debt collector that her debt will be assumed valid by an entity of authority, such as a court or credit bureau." *Muir v. AM Sols., LLC*, 2019 WL 3530521, at *10 (E.D. Pa. Aug. 1, 2019)(citing cases). The Defendant acknowledges the *Muir* decision in a footnote in its Motion, and claims – without any further explanation – that this decision is 'distinguishable'. While language used in collection letters vary, and will always be somehow 'distinguishable' from another letter, the letter at issue in *Muir* suffered the <u>exact</u> <u>same</u> omission as the letter at issue in this case. In *Muir,* the letter stated:

> This firm may be considered a debt collector attempting to collect a debt. This notice is being sent to you in an attempt to collect the indebtedness referred to herein. Any information obtained from you will be used for that purpose. Pursuant to the Fair Debt collection Act, 15 U.S.C. §§ 1692 <u>et</u> <u>seq</u>. (1977), you may dispute the validity of the debt or any portion thereof. If you do so in writing within thirty (30) days of receipt of this letter, the creditor will obtain and provide you with written verification thereof; otherwise, the debt will be assumed to be valid.

*Muir v. AM Sols., LLC*, 2019 WL 3530521, at *9.

Based on this language, the *Muir* court held the debt collector violated Section 1692g(a)(3) of the FDCPA. The *Muir* court first found that "Defendants' Notice omits the name of the party that will assume the debt to be valid, suggesting that the debt could be assumed valid by anyone." *Id.* The *Muir* court further explained that "a plain reading of Defendants' Notice fails to convey to the least sophisticated debtor that only the debt collector will assume the debt valid. The least sophisticated debtor may reasonably believe that a court may construe failure to dispute the debt as an admission of liability, an assumption specifically barred by the FDCPA." *Id.,* <u>citing</u> 15

U.S.C. § 1692g(c). The *Muir* court accordingly concluded that "because Defendants' Notice fails to set forth the required language that the debt will be assumed to be valid 'by the debt collector,' it violates the validation notice provision of the FDCPA." *Id.*

Strangely, the *Muir* decision is the only authority mentioned by the Defendant as supporting the Plaintiff's position. Why the Defendant picked this one random case, out of literally dozens of such holdings, is unclear. However, the *Muir* case is by no means an outlier. *See e.g., Walker v. Greenspoon Marder, P.A.*, 2014 WL 7174220, at *4 (S.D. Fla. Dec. 17, 2014) ("Courts have repeatedly held that omitting the 'by the debt collector' language is actionable under the FDCPA"); *Lucero v. Debt Recovery Attorneys*, 2019 WL 1596577, at *3 (D.N.M. Apr. 15, 2019)(denying motion to dismiss Section 1692g(a)(3) claim where the consumer alleged that "the omission of the words, 'by the debt collector,' would lead a consumer to believe that failure to timely dispute a debt means the debt will be considered valid for all purposes and by all third parties, such as courts and credit reporting agencies"); *DeCapri v. Law Offices of Shaprio Brown & Alt, LLP*, 2014 WL 4699591, at *6 (E.D. Va. Sept. 19, 2014) (finding a violation of the plain meaning of Section 1692g where the collection letter stated "If you do not dispute the debt within thirty days, it will be assumed to be valid" because "Defendant omitted the qualifying phrase 'by the debt collector' or its equivalent from the letter's purported 1692g(a)(3) disclosure"); *Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.,* 2011 WL 4499100, at *2 (S.D. Fla. Sept. 27, 2011)("the Complaint alleges Defendant failed to comply with section 1692g of the FDCPA by sending a letter that did not include the language the 'debt will be assumed to be valid by the debt collector.' Based on these allegations, Plaintiff has established a valid claim under the FDCPA").[1]

---

[1] Additional cases, all reaching this same conclusion, are collected in footnote 3 below.

While the First Circuit has not yet weighed in on this issue, the Second Circuit has. *See, Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219 (2d Cir. 2015). In *Hart,* the Second Circuit hit the nail on the head, when discussing the harms arising from a debt collector's failure to clarify *who* will be assuming the validity of the debt:

> [D]efective § 1692g notices pose particular dangers to consumers. Here for instance, because the Letter states that the debt will, after thirty days, be 'assumed to be valid,' a consumer who fails timely to act upon the Letter might believe that she has forfeited her right to challenge the accuracy of FCI's debt assessment. But under § 1692g(a)—which FCI paraphrased incompletely in the Letter—such an unchallenged debt may be assumed to be valid only *by the debt collector*, leaving the consumer free to contest the debt with the lender either directly or in the courts. By misleading the consumer into believing she had forfeited her right to dispute the validity of her putative debt with the lender, FCI would have frustrated a major objective of the FDCPA.

*Hart v. FCI Lender Servs., Inc.*, 797 F.3d at 227 (italics added).

A very similar Validation Notice was analyzed by the district court in *Panzer v. Alternative Claims Mgmt., LLC*, 2016 WL 3771251 (S.D.N.Y. July 8, 2016). In that action, the collection letter stated that "pursuant to 15 USC Section 1692g, be advised that Alternative Claims Management is attempting to collect a debt and any information obtained will be used for that purpose. Within thirty (30) days after receipt of this notice you must dispute the validity of this debt or any portion thereof, or this debt will be assumed to be valid. Upon your written request within thirty (30) days after receipt of this notice, we will furnish you with the name and address of the original creditor, if different from the 'Creditor/ACM Client' listed above. If you notify us, in writing, within thirty (30) days after receipt of this notice that the above debt. or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you." *Id.,* at *1. Citing to *Hart,* the *Panzer* court denied the debt collector's motion to dismiss the debtor's Section 1692g claims. *See id.,* at *5.

As these cases all reflect, a debt collector violates the FDCPA when it misrepresents the consequences of failing to dispute the debt, by omitting the limiting phrase 'by the debt collector' in Validation Notices sent to consumers.

###### C. The Confusion Caused By The Defendant's Failure To Comply With Section 1692g(a)(3) Is Not Dispelled By Other Language In The Collection Letter.

Defendant cannot credibly argue that its statement - "Unless you, within thirty days after receipt of this notice, notify us that you dispute any portion of this debt, the debt will be assumed to be valid" - complies with the plain language of Section 1692g(a)(3); this statement clearly does not disclose the information required by that provision. Defendant, then, falls back on its argument that debt collectors need not use the exact words of Section 1692g in order to comply with the statute. The Plaintiff does not challenge this point. Caselaw is clear that there "is no requirement that the letter quote verbatim the language of the statute." *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 808 (2d Cir.1989). However, "while debt collectors are not required to quote directly from the language of the statute in their debt validation notices, they <u>are</u> required to provide the least sophisticated debtor with a nondeceptive statement that unless the consumer disputes the validity of the debt within the statutory period, the debt will be assumed to be valid <u>for collection purposes</u>." *Smith v. Hecker*, 2005 WL 894812, at *5 (E.D. Pa. Apr. 18, 2005); *Hess v. Merchants & Med. Credit Corp., Inc.*, 2019 WL 3451572, at *6 (D.N.J. July 31, 2019)("Although debt collectors are not required to use the verbiage 'by the debt collector' in their letters, the language must clearly demonstrate which entity will assume the debt").

In this case, Defendant claims that its use of 'we', 'us' and 'me' - in connection with other portions of the Collection Letter - would make it apparent that the sentence reading "the debt will be assumed to be valid" should really be read as saying "the debt will be assumed to be valid *by us*". *See,* Docket 13, at 8. This makes no sense, and the Defendant offers no basis for its invitation

to read words into the Defendant's collection letter that the Defendant conspicuously omitted. *See, Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 3d 813, 822–23 (E.D. Va. 2014)("the key sentence at issue here does not contain the words 'we' or 'this office.' The use of 'we' and 'this office' occurs only in the context of sending notification of contest and dispute, obtaining verification of the debt, provision of the name and address of the original creditor, and cessation of collection activities pending verification of the debt. To read 'we' or 'this office' into the passively worded opening sentence of the paragraph without those words would be to assume the presence and import of words that simply are not there").

The *Fariasantos* decision is particularly instructive, because the facts of that case are on all-fours with this case. In *Fariasantos,* the debt collection law firm mailed out a collection letter with the following 30-day Validation Notice:

> If within thirty (30) days from receipt of this letter you fail to dispute all or part of the debt, the amount recited herein will be assumed as valid. If you notify this office in writing within the thirty (30) day period that the debt or any portion thereof is disputed, this office will obtain verification of the debt and a copy of such verification will be mailed to you. Upon your written request within the thirty (30) day period, this office will provide the name and address of the original creditor if different from the current creditor.

> If you notify this office in writing within the thirty (30) day period, that the debt or any portion thereof is disputed or request the name and address of the original creditor, we shall cease collection of the debt until we obtain verification of the debt or ascertain the name and address of the original creditor. A copy of such debt verification and/or name and address of the original creditor will be mailed to you.

> Your failure to contest the validity of the debt under the Act may not be construed by any Court as an admission of liability.

> *Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 3d at 816.

In finding that this Validation Notice did not comply with the FDCPA's requirements, the *Fariasantos* court agreed that "It is true that defendants need not use the verbiage 'by the debt collector' in their letters." *Id.,* at 822. Instead, "the letters must include some language that makes

clear it is only *the debt collector* that may assume validity and only *for collection purpose*s; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose." *Id.,* citing *Harlan v. NRA Grp., LLC*, 2011 WL 500024, at *3 (E.D. Pa. Feb. 9, 2011). Per the *Fariasantos* court, this logic "makes sense. Without the qualifying prepositional phrase 'by the debt collector,' the passive statement that a debt 'will be assumed to be valid' simply does not convey who will be doing the assuming. The [] failure to state who will assume the validity of the debt does not fulfill [the debt collector]'s clear obligation under the statute to tell the consumer that it is the debt collector who will assume the debt to be valid." *Id.,* at 823.

As here, the *Fariasantos* defendant argued that it complied with the intent of the statute, because "the use of the words 'this office' and 'we' actually illustrates that the Letter effectively conveys that ONLY the debt collector may assume the debt valid." *Id.,* at 823. The district court disagreed, and denied the motion to dismiss, finding that:

> the key sentence at issue here does not contain the words 'we' or 'this office.' The use of 'we' and 'this office' occurs only in the context of sending notification of contest and dispute, obtaining verification of the debt, provision of the name and address of the original creditor, and cessation of collection activities pending verification of the debt. To read 'we' or 'this office' into the passively worded opening sentence of the paragraph without those words would be to assume the presence and import of words that simply are not there. Rosenberg's use of the passive voice effectively obscures the identification of the subject who is acting out the verb of the sentence. The Court recognizes that it is to examine the Letter in its entirety and not sentence-by-sentence. However, even in light of the surrounding sentences and the general context of the Letter, the Court cannot extract substantive meaning from a sentence that was drafted in a way that obscures such meaning.
>
> The Letter's failure to state who would assume the debt's validity does not comply with § 1692g(a)(3) of the FDCPA, and the inclusion of the Letter's final sentence does nothing to correct or clarify that omission. Here too the Defendant used language that would reasonably be understood by the least sophisticated consumer to convey more than the law allows. It is unlikely that the selection of that text was inadvertent.

> *Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 3d at 823.

The *Fariasantos* decision demonstrates why the Defendant's fall-back argument in this case fails. True, the Collection Letter states that the debtor should "notify us that you dispute any portion of this debt", that "if you notify us in writing within thirty days that the debt – or any portion thereof – is disputed, we will obtain verification of the debt" and that "we will provide you with the name and address of the original creditor". *See,* Exhibit A. But all this does is tell the debtor (1) who they should notify if they wish to dispute the debt, and (2) who will provide them the information requested about the debt. At no point does the Letter say that the 'debt will be assumed to be valid *by us*' or '*by this office*', or otherwise disclose who would be assuming the validity of this debt. To suggest that the 'least sophisticated debtor' must be able to make the logical leap - extrapolating that it would also be the *debt collector* who *solely* would be assuming the validity of the debt - is to give short shrift to this standard meant to protect consumers "of below average sophistication or intelligence," *Duffy v. Landberg*, supra, 215 F.3d at 874–75.

This same argument was similarly rejected in *Smith v. Hecker*, 2005 WL 894812 (E.D. Pa. Apr. 18, 2005). In that action, the debt collector again included a Validation Notice nearly identical to the one at issue here:

> Unless you, the consumer, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assessed valid. If you the consumer notify us in writing within the thirty day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgement against you, the consumer, and a copy of such verification or judgement will be mailed to you by our office. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. If you notify our office in writing to cease contact by telephone at your place of employment, no further such contact will be made.

*Smith v. Hecker*, 2005 WL 894812, at *1.

As in this action, the *Smith* plaintiff claimed that "the omission of the phrase 'by the debt collector' or its equivalent renders the letter an ineffective validation notice because it would

confuse the least sophisticated debtor as to who or what entity will 'assess' the debt." *Smith*, 2005 WL 894812, at *5. The *Hecker* defendant argued that "Smith improperly focuses on one sentence and ignores the remainder of the debt collection letter" and that "a reading of the letter in its entirety shows that the only interpretation of the notice is that 'the debt will be deemed to be valid for collection purposes by the debt collector.' " *Id.,* at *6. The district court agreed that "When reviewing a debt validation notice, I must review the document as a whole in order to evaluate whether the notice would inform sufficiently a least sophisticated debtor of his debt validation rights." *Id.* Nevertheless, the *Smith* court denied the debt collector's motion to dismiss, finding:

> Initially, I observe that Hecker's letter does not meet the requirements of Section 1692g(a)(3). Section 1692g(3) requires a debt collector to provide the debtor with 'a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector.*' 15 U.S.C. § 1692g(a)(3). Hecker's validation notice does not inform Smith that her debt will be assumed, or in this case 'assessed,' to be valid by the debt collector. In fact, the notice does not inform Smith that her debt will be assumed, or 'assessed,' to be valid by any individual or entity.
>
> There is no language in the entire letter that identifies the person or entity that will assume, or 'assess,' the debt to be valid. Hecker's use of the words 'us,' 'we,' and 'our' in other parts of the debt validation notice does not connect with the verb 'assessed.' As a result, the least sophisticated debtor may be led to believe that unless she disputes the validity of the debt asserted by the debt collector, her debt will be determined to be valid by a court, credit reporting agency, or other entity of authority…..When read in the context of the entire letter, the phrase 'will be assessed valid' and the subsequent omission of any reference to the entity that will be 'assessing' the debt is likely to confuse or mislead the least sophisticated debtor into believing that her debt would be determined to be valid by an entity of authority. Hecker's debt collection letter does not comply with Section 1692g, is deceptive, and, therefore, does not convey an effective validation notice.

*Smith v. Hecker*, 2005 WL 894812, at *6. *See also, Harlan,* supra, 2011 WL 500024, at *4 (similarly rejecting debt collector's argument that "the letter as a whole makes clear which entity will be presuming validity" because "each subsequent statement in the letter refers to the debt collector's independent obligations relating to verification that are triggered when the debtor

contests the debt; they have no bearing on what will be presumed and by whom if the debtor fails to contest the debt. As such, they do not cure the prior defects").

As in *Fariasantos, Harlan* and *Smith,* the Defendant's usage of first-person terms like 'us', 'we' and 'this office' in other parts of the Letter does not change the fact that the Letter does not indicate *who* will be assuming the validity of the debt, and the limited effect of that assumption. To the contrary, courts have found that the fact that a collection letter repeatedly uses those terms in other parts of the letter - but not where it counts – would have the *opposite* effect on debtors.

For example, in *Galuska v. Collectors Training Inst. of Illinois, Inc.*, 2008 WL 2050809 (M.D. Pa. May 13, 2008), the collection letter stated that "Unless you notify this office within thirty (30) days after the receipt of this notice that you dispute the validity of the debt, or any portion thereof, this debt will be assumed to be valid." *Id.,* at *1. The *Galuska* court found that – rather than the repeated references to 'this office' clarifying the identity of the person who would be assuming the validity of the debt – a consumer would be misled into believing that the validity of the debt would be assumed by someone *other* than the debt collector:

> The fact that the collection notice in this case uses the term "this office" in numerous other places does not necessarily lead the "least sophisticated debtor" to believe that CTI is the entity assuming the debt to be valid. **In fact, the notice could be read as confusing or misleading <u>because of the fact that "we" and "this office" was used so frequently in other contexts within the notice, but not mentioned in the context of the sentence regarding the assumption of the debt.</u> The least sophisticated debtor could believe that the lack of the term "we" or "this office" would mean that the debt would be assumed by a different entity.** It is possible that the least sophisticated debtor may believe that the office is the entity to be notified, but not the entity that would assume the debt to be valid…..
>
> Like in *Smith,* the fact that "this office" or "we" has appeared in other parts of the collection letter does not necessarily translate to CTI being the entity that will assume the debt to be valid.

*Galuska v. Collectors Training Inst. of Illinois, Inc.*, 2008 WL 2050809, at *5-6.

This analysis was adopted by the district court in *Philip v. Sardo & Batista, P.C.*, 2011 WL 5513201 (D.N.J. Nov. 10, 2011). In that action, the collection letter stated that "Should we not receive your written dispute, it shall be assumed this debt is valid." *Id.,* at *4. The *Philip* court agreed with the reasoning of the *Galuska* court – that the use of the "the term 'this office' in numerous other places in the letter does not necessarily lead the least sophisticated debtor to believe that Defendant is the entity assuming the debt to be valid." *Id.,* at *5. As the *Philip* court explained, the least sophisticated consumer could easily conclude from the fact "that 'I' and 'this office' was used so frequently in other contexts within the notice but not used after the clause regarding the assumption of the validity of the debt" that "the debt would be assumed valid by a different entity." *Id.* The *Philip* court found that this confusion was not cleared up by the fact that the word 'we' appeared in the first part of the controverted sentence, because "it is possible that the least sophisticated debtor could believe that the office is the entity to be notified, but not the entity that would assume the debt to be valid." *Id.*

The analysis in the *Galuska* and *Philip* holdings demonstrates why is it extremely difficult to say that – *as a matter of law* – a debt collector's first-person references, made in connection with other parts of a collection letter, would dispel the confusion created by a debt collector's failure to use those same first-person references in discussing the validity of the debt. What may be clear to the Defendant, or even to this Court, is not necessarily clear to the stereotypical least sophisticated consumer that the Act seeks to protect. As the First Circuit noted "it is not a federal judge's ability to parse a collection letter with which we are concerned. Instead, it is the ability of the unsophisticated consumer." *Pollard*, 766 F.3d at 107; *Carter v. First Nat. Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 569 (S.D. Tex. 2015)("because district judges are not good proxies for the unsophisticated consumer whose interests the FDCPA protects, district courts should be

hesitant to dismiss § 1692e and § 1692f claims"); *Delgado v. Capital Mgmt. Servs. LP*, 2013 WL 1194708, at *3 (C.D.Ill. Mar. 22, 2013)(same).

In support of its entire motion to dismiss, Defendant cites a single case in support of its position. *See,* Docket 13, at 8, <u>citing</u> *Morse v. Kaplan*, 468 F. App'x 171 (3d Cir. 2012). The *Morse* decision is unreported and is not precedential, even for courts within the Third Circuit.[2] And as the recent *Muir* decision indicates, courts within the Third Circuit continue to find that Validation Notices omitting the phrase 'by the debt collector', like the Collection Letter at issue here, do not comply with Section 1692g(a)(3). *See, Muir,* 2019 WL 3530521, at *10.

Moreover, the *Morse* decision does not offer much in the way of analysis or reasoning to support its holding. In that action, the Validation Notice provided that "If any portion of this claim is disputed, you are to notify me within 30 days of your receipt of this notice. If within that time you do indicate a dispute in writing, I shall provide you with the evidence supporting the validity of the debt. The debt will be assumed valid if you do not respond within 30 days." *Id.,* at 172. The Third Circuit's entire treatment of the debtor's §1692g(a)(3) claims encompasses two sentences: "Morse also argues that it is unclear who would assume the debt is valid after 30 days. Because Kaplan signed the letter and used the first person 'I shall' throughout, this argument has no merit." *Id.* The *Morse* decision contains no other analysis or reasoning on this issue.

There is no indication that the *Morse* court was aware of the host of the above-cited caselaw which has reached the contrary conclusion, given that there was zero attempts to distinguish, or even mention, those cases. As these cases have found, §1692g(a)(3) requires a plain statement

---

[2] The 'Not Precedential' notation can be plainly seen on the Opinion issued in *Morse. See,* http://www2.ca3.uscourts.gov/opinarch/112562np.pdf, last visited on April 3, 2020. Indeed, the *Morse* analysis of the §1692g(a)(3) claims does not have appear to have been adopted by a single court in the eight years since it has been issued.

informing debtors as to *who* would be assuming the validity of the debt (i.e., solely the debt collector) and *why* that assumption was being made (i.e., solely for purposes of debt collection). In the absence of such a disclosure, courts have declined to read words into a Collection Letter which are not there, and which would be contrary to the understanding of an unsophisticated debtor. It is therefore respectfully submitted that the *Morse* holding lacks persuasive authority, when considering the weight of the contrary authority, as cited above.[3]

---

[3] *See also, Sevela v. Kozeny & McCubbin, L.C.,* 2018 WL 10228300, at *5 (D. Neb. Nov. 29, 2018)("When read in the context of the entire letter, the phrase 'will be assumed to be valid,' and the omission of any reference to the entity that would assume the debt to be valid, could confuse or mislead a debtor into believing a debt would be assumed valid by an authority other than the debt collector. Therefore, Sevela's allegation of a FDCPA violation based on the absence of the term 'by the debt collector,' or its equivalent, is sufficient to survive K&M's motion to dismiss"); *Mello v. Walled Lake Credit Bureau, LLC*, 2013 WL 12077491, at *4 (S.D. Fla. Oct. 17, 2013)("this Court agrees with the conclusion that without the phrase 'debt collector,' it is possible that the consumer would not know that the debt collector is the only entity entitled to assume the validity of the debt, or that collection is based on a temporary fiction that the debt is valid. Therefore, the Court finds that Plaintiff sufficiently states a claim that Defendant engaged in an act prohibited by the FDCPA under sections 1692g(a)(3) and 1692e(10)"); *Nelson v. Select Fin. Servs., Inc.,* 430 F. Supp. 2d 455, 459 (E.D. Pa. 2006)("At best, the conflicting messages could leave Nelson confused as to the effect of her inaction and wondering by whom the debt was 'verified'—Select? a credit agency? a court?—thereby making the statement in question deceptive"); *Martin v. Butler & Hosch, P.A.*, 2014 WL 3593622, at *4 (M.D. Fla. July 18, 2014)("this Court finds that Plaintiff has sufficiently stated a claim in Count Four to the extent that she alleged that the Letter was deceptive because Defendant failed to communicate that *only* Defendant could assume the debt to be valid if she did not dispute it within thirty days"); *Guerrero v. Absolute Collection Serv., Inc.*, 2011 WL 8183860, at *4 (N.D. Ga. Oct. 6, 2011)("ACS's failure to limit its statement that any undisputed debt would be assumed valid to the debt collector violates the notice requirements of § 1692g(a)(3) by making the least sophisticated consumer uncertain as to her rights"); *Pierce v. Carrington Recovery Servs., LLC*, 2009 WL 2525465, at *2 (W.D. Pa. Aug. 17, 2009)(denying motion to dismiss because "Plaintiffs allege that defendant's collection notice fails to comply with this section of the FDCPA because it omits the language 'by the debt collector' ").

## IV.     CONCLUSION

It is respectfully submitted that the Defendant's Motion to Dismiss the Complaint should be denied in its entirety.  The Defendant clearly failed to comply with the FDCPA's directive to advise debtors that their debts would only be assumed valid *by the debt collector,* by omitting that limiting phrase – or any equivalent – from its statement regarding the assumed validity of the debt. Defendant – a debt collection law firm - could easily have complied with this straightforward requirement, but consciously chose to leave those limiting words out.  The Court should decline Defendant's invitation to read those words back into its Collection Letter.

Moreover, it is respectfully submitted that the usage of first-person terms used by the Defendant,  in connection with other portions of its Collection Letter, is insufficient to dispel the confusion created by its failure to use any such first-person terms in connection with the assumption of the debt's validity.  Certainly, the Defendant has not proven that this language was sufficient *as a matter of law* to clear up any such confusion.  It is therefore respectfully requested that the Defendant's Motion to Dismiss be denied, together with such other and further relief as this Court deems just and proper.

Dated: April 3, 2020

                              Respectfully submitted,

                              By:___/s/ Yitzchak Zelman_____
                              Yitzchak Zelman, Esq.
                              Marcus Zelman, LLC.
                              701 Cookman Avenue, Suite 300
                              Asbury Park, New Jersey 07712
                              Phone:      (732) 695-3282
                              Fax:         (732) 298-6256
                              *Attorney for the Plaintiff*
                              *Oladunni Soremekun*